UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORELIEN FRANTZCY,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-06404-DAD-CKD (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 2) |

On August 11, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release from custody. On August 12, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondent was further directed to state any opposition that he had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of his position in this regard in his opposition. (*Id.*)

/////

On July 22, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondent argues that this case is distinguishable from the cases cited in the court's order because, here, petitioner was paroled into the United States instead of being released on his own recognizance. (*Id.* at 1.) Respondent also argues this case is distinguishable because petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1). (*Id.* at 1–5.) Respondent has not indicated any opposition to this court ruling directly on the merits of the underlying petition. However, respondent has stated that "[r]espondent does not request a hearing and does not intend to file any additional affirmative briefing." (*Id.* at 1.) Accordingly, the court will rule directly on the merits of the petition based upon the briefing presently before it.

Based upon the parties' briefing, the court finds the following. On or about April 4, 2010, petitioner applied for admission to the United States. (*Id.* at 14.) On or about June 8, 2010, an asylum officer concluded that petitioner demonstrated a credible fear of persecution or torture. He was subsequently granted temporary protected status[1] ("TPS") and paroled into the United States. (*Id.* at 10.) On or about January 16, 2026, ICE re-detained petitioner. (*Id.* at 58.) There is no indication that petitioner was provided advanced notice or a hearing before ICE re-detained him.[2] On April 29, 2026, an immigration judge ("IJ") ordered petitioner removed. (*Id.* at 63.)

/////

/////

/////

/////

---

[1] While not entirely clear, it appears that petitioner's TPS designation expired because the Form I-213 states that petitioner had a TPS application denied on September 18, 2023. (Doc. No. 6 at 14.)

[2] Respondent offers evidence that petitioner received a custody determination form from the Department of Homeland Security at approximately 12:01 p.m. on the same day he was re-detained. (Doc. No. 6 at 58.) However, it is unclear whether a hearing was provided prior to or contemporaneously with the issuance of this notice, and is also unclear whether notice was provided to petitioner before he was re-detained. Moreover, that form states that a custody re-determination decision was made pursuant to 8 C.F.R. § 236 of the Immigration and Nationality Act.

Respondent concedes that petitioner appealed the IJ's order and that appeal remains pending before the Board of Immigration Appeals ("BIA").[3] (*Id.* at 8.)

Title 8 U.S.C. § 1225(b)(1) creates certain detention regimes for "aliens arriving in the United States and certain other aliens who have not been admitted or paroled." 8 U.S.C. § 1225(b)(1). "[T]hat section, by its terms, does not apply to noncitizens who have been continuously present in the United States for, 'the 2-year period immediately prior to the date of the determination of inadmissibility.'" *Ramos v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-01026-DAD-JDP, 2026 WL 836368, at *2 (E.D. Cal. Mar. 26, 2026). Here, it is undisputed that petitioner was paroled into the United States over ten years ago (Doc. No. 6 at 14), and nothing before the court suggests that petitioner has not been continuously present in the United States for the past two years. Accordingly, the court rejects respondent's position that § 1225(b)(1) applies in this case. *Pablo Sequen v. Kaiser*, 800 F. Supp. 3d 998, 1101 (N.D. Cal. 2025) (holding that § 1225(b)(1) could not apply to the petitioner who had entered the United States more than two years prior and had been continuously present in the country since that entry). Moreover, respondent's own evidence undermines respondent's position because the custody re-determination decision was made pursuant to 8 C.F.R. § 236, which is codified at 8 U.S.C. § 1226 of the Immigration and Nationality Act. (Doc. No. 6 at 58.) Nonetheless, because respondent provides no alternative statutory authority to justify petitioner's detention, the court incorporates the reasoning set forth in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR, 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and concludes that the appropriate remedy is to order petitioner's immediate release.

Further, notwithstanding the evidence regarding the custody determination decision made on January 16, 2026, it is unclear whether petitioner was originally paroled into the United States

---

[3] Because of the pending appeal, the removal order is not yet final and the 90-day mandatory detention period set forth in 8 U.S.C. § 1231(a)(2) does not apply. *Ocampo v. Holder*, 629 F.3d 923, 926 (9th Cir. 2010) (noting that "a removal order is final only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order.").

pursuant to 8 U.S.C. § 1182(d)(5) or § 1226(a). Nonetheless, to the extent that petitioner was not provided advanced notice or a pre-detention hearing before ICE re-detained him, petitioner would have been entitled to immediate release under either provision. *Chavarria v. Chestnut*,[4] No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *2–5 (E.D. Cal. Dec. 9, 2025) (concluding that the re-detention of a noncitizen who was previously paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5) without notice or a pre-detention hearing violated due process); *Florez v. Robbins*, No. 1:25-cv-01897-CSK, 2026 WL 593101, at *2–5 (E.D. Cal. Mar. 3, 2026) (reaching the same conclusion as to a petitioner who was previously released on parole pursuant to § 1226(a) and subsequently re-detained without notice and a pre-detention hearing).

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Dorelien Frantzcy, A-File No. 200-623-301, under the same conditions he was subject to, if any, prior to re-detaining him on or about January 16, 2026;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge at which hearing respondent will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting habeas relief;
3. The Clerk of the Court is directed to serve the California City Immigration Processing Center with a copy of this order; and

---

[4] As noted above, respondent states that this case is distinguishable from the cases identified in the court's order setting a briefing schedule on petitioner's motion because the petitioner in this case was previously released on parole. (Doc. No. 6 at 1.) However, *Chavarria* is among the cases listed in the court's prior order and involves a petitioner who was previously released on parole. Counsel for respondent is asked to carefully read the court's orders and any cases cited therein before making any such assertions in the future.

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 14, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE